UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JOSEPH JEROME ROSS                          CIVIL ACTION

VERSUS                                      NUMBER: 05-5469

JERRY LARPENTER, TERREBONNE                 SECTION: "R"(5)
PARISH SHERIFF, ET AL.


                      **REPORT AND RECOMMENDATION**


    This 42 U.S.C. §1983 proceeding was filed by pro se plaintiff, Joseph Jerome Ross, against defendants, Terrebonne Parish Sheriff Jerry Larpenter, David Foret, Linda Babin, Sonny Henson, Major Marcel, Warden Joe Null of the Terrebonne Parish Jail ("TPJ"), Jackson Hewitt Tax Service, and an unidentified party. (Rec. doc. 3). Plaintiff, an inmate of the Concordia Parish Work Release Program at the time he filed the above-captioned complaint by paying the statutorily-required civil action filing fee on January 9, 2006[1]/, alleged that his federal income tax refund check was

_____

    [1]/ Plaintiff had previously moved to file this matter in forma pauperis pursuant to 28 U.S.C. §1915 which the Court denied on

stolen and cashed due to the action/inaction of the named defendants. (Id.).

As noted above, plaintiff paid the full $250.00 filing fee on January 9, 2006. (Id.). At that time, seven summonses were issued and were forwarded to plaintiff for the purpose of effecting service on the named defendants in the manner prescribed by Rule 4, Fed.R.Civ.P. (Rec. doc. 4).  On February 1, 2006, plaintiff filed in the record of this proceeding service returns as to the seven named defendants.  (Rec. docs. 5-11). A review of those returns reveals that service by mail was attempted on some unspecified date by plaintiff himself in violation of Rule 4(c)(2).[2]/ By minute entry dated February 2, 2006, plaintiff was notified that service had not been properly made on the named defendants and he was cautioned that his lawsuit was subject to dismissal unless he showed good cause for the service failure. (Rec. doc. 12).  A copy of that order was mailed to plaintiff at his address of record and has not been returned as undeliverable. It has now been nearly five months since this lawsuit was filed and proof of proper service is absent from the record.

---

November 29, 2005 because he had $2,131.71 in his prison banking account as of October 25, 2005.  (Rec. docs. 1-1, p. 2; 2).

[2]/ Rule 4(c)(2) provides that "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." (Emphasis added).

Rule 4(m), Fed.R.Civ.P., provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service of an appropriate period."  The jurisprudence has come to expect strict compliance with the service rules within the one hundred twenty-day period prescribed by Rule 4(m) and its predecessor.  See, e.g., Lambert v. United States, 44 F.3d 296 (5th Cir. 1995); Peters v. United States, 9 F.3d 344 (5th Cir. 1993); McGinnis v. Shalala, 2 F.3d 548 (5th Cir. 1993), cert. denied, 510 U.S. 1191, 114 S.Ct. 1293 (1994); Trania v. United States, 911 F.2d 1155 (5th Cir. 1990).

It has now been nearly five months since this lawsuit was filed and proof of proper service on the named defendants is lacking. Through the issuance of the minute entry on February 2, 2006, the Court hoped to bring this deficiency to the attention of plaintiff and to impress upon him the need to prosecute his case. Unfortunately, plaintiff has failed to establish good cause for the service failure.  As plaintiff is proceeding pro se, these failures are attributable to him alone.  Accordingly, it will be recommended

that plaintiff's suit be dismissed for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.

### RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  13th  day of ____June____, 2006.

_____
UNITED STATES MAGISTRATE JUDGE